FILED
United States Court of Appeals
Tenth Circuit

December 29, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CHARLES M. TORRENCE,

    Petitioner - Appellant,

v.

HAZEL PETERSON, Warden,

    Respondent - Appellee.

No. 22-3045
(D.C. No. 5:20-CV-03310-JWB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **ROSSMAN**, Circuit Judges.

_____

Charles M. Torrence was convicted by a Kansas state jury of various robbery

and firearm offenses and sentenced to a total of 725 months in prison.  His

convictions were affirmed on direct appeal, and the state courts denied

postconviction relief.  He then filed a pro se application under 28 U.S.C. § 2254,

claiming, among other things, that he was denied the assistance of counsel at his

mental-competency hearing in violation of the Sixth Amendment.  The district court

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denied relief, but granted a certificate of appealability (COA) on the Sixth Amendment claim, which is the only claim he now pursues in this court. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we affirm the district court's judgment.

I

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state court's factual findings are presumed correct absent clear and convincing evidence rebutting that presumption. *See* 28 U.S.C. § 2254(e)(1). We therefore restate the factual background as set forth by the Kansas Court of Appeals in Mr. Torrence's state postconviction proceeding:

> In 2013, the State charged Torrence in three cases arising from a series of robberies in Wichita. In one case, Torrence was charged with attempted aggravated robbery of a retail store when he claimed to have a gun and demanded money from a cashier. In the second case, Torrence was charged with aggravated robbery and criminal possession of a firearm for brandishing a gun and taking a smart phone from an electronics store. In the last case, Torrence was charged with three counts of aggravated robbery for separate holdups of two retail stores and a grocery store. The cases were handled jointly for pretrial matters.
>
> Initially, Torrence asked the district court to appoint a lawyer to represent him, and the district court did so in mid-April 2013. Several weeks later, Torrence filed a motion to represent himself. After a hearing, the district court granted the motion but had the appointed lawyer remain as standby counsel to assist Torrence.
>
> Torrence then filed a motion for appointment of a mental health professional to support a defense of mental disease or defect. The district court denied the motion as lacking any legal basis. Torrence promptly filed another motion effectively making the same request and two motions to dismiss his standby counsel.

After the district court denied one of the motions to dismiss, the standby lawyer filed a motion for a competency evaluation of Torrence. In the motion, the lawyer submitted he had a "good faith belief to question" Torrence's ability to assist in his defense. The district court granted the motion but did not immediately enter an order for a mental evaluation. Torrence then personally prepared and filed a motion to reconsider and explained the true purpose of the evaluation was to secure expert testimony to support his mental defect defense and not because he lacked the capacity to understand the proceedings. The district court directed that the competency evaluation be performed. In a very short hearing in August, the district court noted that it had received a report showing Torrence to be competent to stand trial. Torrence appeared in person and with his standby lawyer. No one objected to the district court's conclusion.

In October 2013, Torrence changed his mind about self-representation and asked that a new lawyer be appointed to handle his defense. The district court discharged the standby lawyer and appointed Bradley Sylvester to represent Torrence. Three months later, Torrence filed another motion to represent himself. The district court granted the motion in February 2014, relieving Sylvester of any further responsibility. The record on appeal indicates the district court did not appoint standby counsel.

In late April, Torrence again asked for an appointed lawyer. And the district court appointed Terry Beall. The jury trial of the consolidated cases began in late January 2015 with Beall representing Torrence. The jury convicted Torrence as charged. After the guilty verdicts were received, Torrence again asked and was permitted to represent himself. He filed various posttrial motions, including one for a new trial alleging he had been inadequately represented. The district court held an evidentiary hearing on the motion at which Torrence represented himself. He called Beall and an investigator who worked for Beall as witnesses to establish his claim of ineffective representation. He did not call Sylvester or the standby lawyer. The district court denied all of the posttrial motions and sentenced Torrence to serve a controlling prison sentence of 725 months.

Torrence appealed and filed a motion to handle the appeal himself. We granted his request. Torrence raised an array of issues, including the ineffectiveness of his trial lawyers, thereby following through on the point he raised and litigated in his new trial motion. This court affirmed Torrence's convictions and sentences. *State v. Torrence*, No. 114,546,

3

2017 WL 1535137 (Kan. Ct. App. 2017) (unpublished opinion). The Kansas Supreme Court denied his petition for review.

Torrence then drafted and filed his motion for habeas corpus relief under [Kan. Stat. Ann. §] 60-1507. The district court summarily denied the motion. Torrence appealed that ruling and again sought to represent himself in this appeal. We again granted his request.

*Torrence*, 2020 WL 6930802, at *1-2.

In his § 60-1507 motion, Mr. Torrence claimed, among other things, that he was denied his Sixth Amendment right to counsel when, after being granted his right to represent himself, he appeared pro se at his competency hearing with standby counsel. The state district court rejected that claim, noting the trial court did not believe Mr. Torrence was incompetent to stand trial, he underwent a competency evaluation, he was found competent to stand trial, and there were no irregularities at either his hearing to proceed pro se or his competency hearing.

The Kansas Court of Appeals affirmed, first citing the principle that "'a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel.'" *Torrence*, 2020 WL 6930802, at *2, *3 (quoting *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (further internal quotation marks omitted)). The court determined this principle applied in Mr. Torrence's § 60-1507 proceeding, stating, "[A] party cannot request a habeas corpus remedy for inadequate representation in the underlying criminal case based on his or her self-representation." *Id.* at *3. The court explained that Mr. Torrence's claim regarding his appearance at the competency hearing with only standby counsel

4

fail[ed] for essentially the same reason. [Torrence] now complains that he was not fully represented at the competency hearing because he had only standby counsel. But Torrence could have raised that complaint in the hearing on his posttrial motions and did not. Moreover, Torrence does not claim he actually was incompetent and has not offered any evidence to support that position. He has not established some actual prejudice visited on him in the direct criminal case as a result of the competency hearing or his self-representation during that aspect of the case.

*Id.*

Mr. Torrence then filed his pro se § 2254 application, claiming he was denied the assistance of counsel at his mental-competency hearing in violation of the Sixth Amendment.[1] The district court rejected the claim, ruling that there was no clearly established federal law from the Supreme Court holding that the Sixth Amendment is violated when a defendant proceeds pro se with standby counsel at a mental-competency hearing. We agree.

II

AEDPA precludes federal habeas relief on any claim decided on the merits in state court unless the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] Respondent contends Mr. Torrence's claim is unexhausted and procedurally defaulted because he failed to raise it in state court either during posttrial proceedings or on direct appeal. Because we reject the claim on the merits, we need not resolve this issue. *See* 28 U.S.C. § 2254(b)(2); *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009).

28 U.S.C. § 2254(d).  Mr. Torrence offers no argument under § 2254(d)(2), which the district court determined was inapplicable because Mr. Torrence did not challenge the state court's factual findings.  Absent any adequately developed argument under § 2254(d)(2), we decline to consider that provision.  *See Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999) ("This court . . . will not craft a party's arguments for him.").

"Under § 2254(d)(1), the threshold question is whether there exists clearly established federal law, an inquiry that focuses exclusively on holdings of the Supreme Court."  *Hooks v. Workman*, 689 F.3d 1148, 1163 (10th Cir. 2012).  "The absence of clearly established federal law is dispositive under § 2254(d)(1)."  *Id.* (internal quotation marks omitted).  "'[C]learly established Federal law' in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (internal quotation marks omitted).  If there is clearly established federal law, "a state-court decision is 'contrary to' it if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts."  *Hooks*, 689 F.3d at 1163 (brackets and internal quotation marks omitted).  "A state-court decision is an 'unreasonable application' of clearly established federal law when the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle

6

to the facts of petitioner's case." *Id.* (brackets and internal quotation marks omitted). "We review the district court's legal analysis of the state court decision de novo." *Id.* (internal quotation marks omitted). We afford pro se pleadings a liberal construction. *See Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2718 (2022).

Mr. Torrence fails to identify any clearly established federal law to support his claim. Although he broadly asserts he was denied the assistance of counsel at his mental-competency hearing in violation of the Sixth Amendment, the Kansas Court of Appeals found that he requested to represent himself and then he appeared with standby counsel at the competency hearing. Mr. Torrence identifies no Supreme Court authority, and we have found none, holding that the Sixth Amendment is violated under such circumstances.

The Supreme Court decisions cited by Mr. Torrence are not helpful to him. *Estelle v. Smith*, 451 U.S. 454 (1981), does not address the Sixth Amendment implications of invoking one's right to self-representation and proceeding with standby counsel at a mental-competency hearing. Rather, it determined that the Sixth Amendment was violated when a defendant was subjected to a pretrial psychiatric examination administered without notice to his counsel and introduced at the death-penalty sentencing phase, *see id.* at 469-71. *Estelle* expressly did "not hold that [the defendant] was precluded from waiving" his Sixth Amendment right to counsel. *Id.* at 471 n.16. The distinguishing features of *Estelle* prevent it from serving as clearly established federal law. *See House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008)

7

("[C]learly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*.").

Mr. Torrence cites *Johnson v. Zerbst*, 304 U.S. 458 (1938), and *Godinez v. Moran*, 509 U.S. 389 (1993), but these cases likewise do not establish the legal principle he proposes. *Zerbst* recognized that "the Sixth Amendment constitutionally entitles one charged with crime to the assistance of counsel" unless that right is "competently and intelligently waived" by the defendant. 304 U.S. at 467-68. But that broad pronouncement does not provide clearly established law governing the facts of this case. *See House*, 527 F.3d at 1015 ("Supreme Court holdings . . . must be construed narrowly and consist only of something akin to on-point holdings."). *Zerbst* involved defendants who were represented by counsel at their preliminary hearings but thereafter were "tried, convicted, and sentenced without assistance of counsel." 304 U.S. at 460. Those facts are too far afield from those before us to constitute clearly established law.

*Godinez* involved a defendant who sought to represent himself and to plead guilty. *See* 509 U.S. at 392. The state trial court found that he was competent, that he "knowingly and intelligently" waived his right to counsel, and that he "freely and voluntarily" pleaded guilty. *Id.* at 393. On federal habeas review, however, the Ninth Circuit vacated his guilty pleas, stating that the standard of competency required to waive counsel was higher than the standard required to stand trial. *See id.* at 393-94. The Supreme Court reversed, holding that the competency standards for waiving the right to counsel and to stand trial are the same, and that a waiver of

8

counsel must also be knowing and voluntary, even if the defendant is competent, *id.* at 391, 396-99, 400-02. The Court did not consider whether a Sixth Amendment violation occurs when a defendant who previously invoked his right to self-representation later appears pro se at a competency hearing with standby counsel.

Mr. Torrence also cites *Pate v. Robinson*, 383 U.S. 375 (1966), to support his argument that the trial court violated his Sixth Amendment right to counsel by failing to provide him counsel at his competency hearing. *See* Aplt. Opening Br. at 9-10 (arguing that the trial court "forced [Mr.] Torrence to represent himself at his own competency hearing" when "representation at a competency hearing is required even if the defendant has previously made a knowing and voluntary waiver"). But *Pate* involved the distinct issue of whether a defendant suspected of being incompetent could knowingly and intelligently waive the right to a competency hearing. *See* 383 U.S. at 384. Given the substantial evidence suggesting the defendant was incompetent, the Court held the defendant was entitled to a competency hearing and the trial court's failure to hold such a hearing denied him a fair trial. *See id.* at 385. *Pate* does not clearly establish that a court must appoint full counsel, not just standby counsel, at a competency hearing, even if it previously found that the defendant knowingly and voluntarily waived the right to counsel and there is little, if any, evidence of incompetence.

Finally, Mr. Torrence cites several cases from this and other circuits in support of his claim. *See, e.g.*, *United States v. Collins*, 430 F.3d 1260, 1264 (10th Cir. 2005) (competency hearing is critical stage of criminal prosecution at which defendant is

9

constitutionally entitled to representation by counsel).  But these are not Supreme Court holdings and therefore cannot constitute clearly established federal law for purposes of AEDPA.  *See Musladin*, 549 U.S. at 74.

In sum, there is no clearly established law that a defendant is denied the constitutional right to counsel in the circumstances of Mr. Torrence's case.  Absent clearly established federal law, Mr. Torrence's claim fails.  *See House*, 527 F.3d at 1017.[2]

III

The district court's judgment is affirmed.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[2] Petitioner filed three letters under Fed. R. App. P. 28(j), none of which alters our disposition.